Stanely E. Anderson, Esq. Town Attorney, Lewisboro
You have asked whether a town may enact a local law permitting a building inspector and deputy building inspector to reside anywhere in the State.
As you are aware, section 3 of the Public Officers Law requires, in the case of a local office, that the occupant reside within the municipality. You have pointed out the exception for the Town of North Salem permitting the town building inspector or deputy inspector to reside in the county in which the town is located or in an adjoining county (id., § 3[17]). As was explained in a previous opinion of this office, the exception renders section 3, as to these particular offices, a "special" rather than a "general" law, permitting any other local government by local law to establish expanded residency requirements (1987 Op Atty Gen [Inf] 119). Your question is whether a local government may establish a residency for these offices that is broader than the exception created by the Legislature. Specifically, in this case the exception for the Town of North Salem permits residency in the county in which the town is located or in an adjoining county. You ask whether there is authority to enact a local law to permit the building inspector or deputy building inspector to reside anywhere in the State.
We have found in our opinions that through such a local law residency can be expanded only to the same extent as it was for the municipality covered in the exception in the statute. The reason for this is that section 3 is rendered a "special" act only to the extent of the exception.
We conclude that a residency requirement of section 3 of the Public Officers Law is rendered a "special" law only to the extent of an exception created by the State Legislature for a particular office.